SUMMONS ISSUED

Lloyd Ambinder, Esq.
Leonor H. Coyle, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

FILED CLERK
2012 SEP 22 AM 10:42
U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MOISES DE LA CRUZ, RENE DIAZ, and MANUEL NEIRA,

Plaintiffs,

- against -

BARONE STEEL FABRICATORS INC., B&R STEEL LLC, and NICKY BARONE,

Defendants.

CIVIL ACTION FILE NO.: CV 11 - 4572

TOWNES, J.

BLOOM, M.J.

**COMPLAINT**

Plaintiffs, by their attorneys Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 206 *et seq.*, New York Labor Law § 633; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2 to recover unpaid overtime and unpaid prevailing wages owed to MOISES DE LA CRUZ, RENE DIAZ, and MANUEL NEIRA (collectively referred to hereinafter as "Plaintiffs") who performed work for Defendants BARONE STEEL FABRICATORS INC., B&R STEEL LLC, and NICKY BARONE (collectively referred to hereinafter as "Barone Defendants" or "Defendants").

2. Beginning in approximately 2005, and upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3. On information and belief, Defendants further engaged in a policy and practice of failing to pay their employees prevailing wages and supplemental benefits for work they performed on various publicly financed projects including, *but not limited to,* the Morris Heights Health Center.

4. Under the direction of the Barone Defendants' owner, NICKY BARONE, Defendants instituted this practice of depriving their employees of prevailing wages and the basic compensation for work performed in excess of forty (40) hours per week as mandated by federal and state law.

5. Plaintiffs have initiated this action seeking compensation, including overtime compensation and prevailing wages, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

**THE PARTIES**

6. Plaintiff MOISES DE LA CRUZ resides in the State of New York, and was employed by Defendants as an Ironworker from approximately January 2005 until January 2010. Plaintiff DE LA CRUZ regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided proper compensation as required by applicable federal and state law.

7. Plaintiff RENE DIAZ resides in the State of New York, and was employed by Defendants as a Welder from approximately November 2008 until October

2009. Plaintiff DIAZ regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided proper compensation as required by applicable federal and state law.

8. Plaintiff MANUEL NEIRA resides in the State of New York, and was employed by Defendants as an Ironworker from approximately November 2008 until September 2009. Plaintiff NEIRA regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided proper compensation as required by applicable federal and state law.

9. Upon information and belief, Defendant BARONE STEEL FABRICATORS INC. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 271 40th Street, Brooklyn, New York 11232. Defendant BARONE STEEL FABRICATORS INC. is engaged in the construction business.

10. Upon information and belief, Defendant B&R STEEL LLC is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 128 44th Street, Brooklyn, NY 11232. Defendants B&R STEEL LLC is engaged in the construction business.

11. Upon information and belief, Defendant NICKY BARONE is a resident of 271 40th Street, Brooklyn, New York 11232, and at all relevant times is or was a chairman, officer, director and/or owner of BARONE STEEL FABRICATORS INC. and B&R STEEL LLC, which are closely held corporations.

**JURISDICTION**

12. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 207,

and 28 U.S.C. § § 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

13. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

14. The statute of limitations under the New York Labor Law is six (6) years. *See* New York Labor Law § 198(3).

**VENUE**

15. Venue for this action in the Eastern District of New York under 28 U.S.C. §139(b) is appropriate because Defendants reside in the Eastern District of New York.

**FACTS**

16. Upon information and belief, beginning in or about 2008, Defendants employed Plaintiffs to perform construction work as welders, ironworkers, and in other construction-related trades related to the Barone Defendants' construction business.

17. Upon information and belief, while working for the Barone Defendants, Plaintiffs were regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation as required by applicable federal and state law.

18. Upon information and belief, while working for the Barone Defendants, Plaintiffs did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

19. Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act by

failing to maintain proper and complete timesheets or payroll records.

20. Upon information and belief, while working for the Barone Defendants, Plaintiffs may have worked on projects requiring payment of prevailing wages. Plaintiffs did not receive prevailing wages for work that they performed on publicly funded projects. On information and belief, such projects include, but are not limited to, the Morris Heights Health Center.

21. Upon information and belief, Defendant NICKY BARONE was the principal owner of Defendants BARONE STEEL FABRICATORS INC. and B & R STEEL LLC, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for the Barone Defendants; (iii) determined the rate and method of payment for the Barone Defendants' employees; and (iv) maintained employment records for the Barone Defendants.

22. Upon information and belief, Defendant NICKY BARONE dominated the day-to-day operating decisions of the Barone Defendants, made major personnel decisions for the Barone Defendants, and had complete control of the alleged activities of the Barone Defendants that give rise to the claims brought herein.

23. Upon information and belief, Defendant NICKY BARONE acted directly or indirectly in the interest of the Barone Defendants, and is an employer within the meaning of the Fair Labor Standards Act. Defendant NICKY BARONE, in his capacity as owner, actively participated in the unlawful method of payment for Plaintiffs.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANTS --
FLSA OVERTIME COMPENSATION**

24. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 26 hereof.

25. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

26. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

27. Pursuant to 29 U.S.C. § 203(e), an "employee" is "any individual employed by an employer."

28. Plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

29. The Barone Defendants are employers, within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

30. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same,

because Defendant NICKY BARONE is defined as an "employer" for the purposes of the FLSA, he is consequently liable for violations of the FLSA.

31. Upon information and belief, Defendants failed to pay Plaintiffs any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

32. The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

33. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**FAILURE TO PAY WAGES**

34. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 36 hereof.

35. Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs, are protected from wage underpayments and improper employment practices.

36. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

37. As persons employed for hire by the Defendants, Plaintiffs are "employees" as understood in Labor Law § 190.

38. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any

occupation, industry, trade, business or service."

39. As an entity that hired Plaintiffs, the Barone Defendants are "employers."

40. Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Defendant Barone is an "employer."

41. Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law § § 190, 191.

42. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

43. In failing to pay Plaintiffs prevailing wages and overtime payments for time worked after forty (40) hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

44. Pursuant to Labor Law § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

45. By withholding prevailing wages and overtime payments for time worked after forty (40) hours in one week from Plaintiffs, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

46. Upon information and belief, Defendants' failure to pay Plaintiffs prevailing wages and overtime payments for time worked in excess of forty (40) hours in one week was willful.

47. By the foregoing reasons, Defendants have violated New York Labor Law

§ 198 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS ---**
**NEW YORK OVERTIME COMPENSATION LAW**

48. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 50 hereof.

49. 12 NYCRR §142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

50. New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

51. Upon information and belief, Plaintiffs worked more than forty (40) hours a week while working for Defendants.

52. Upon information and belief, Plaintiffs did not receive the New York statutory overtime compensation for the hours worked after the first forty (40) hours of work in a week.

53. Consequently, by failing to pay to Plaintiffs overtime compensation for work they performed after the first forty (40) hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

54. Defendants' failure to pay Plaintiffs overtime compensation for work performed after the first forty (40) hours worked in a week was willful.

55. By the foregoing reasons, Defendants have violated New York Labor Law

§ 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION, AGAINST DEFENDANTS---BREACH OF CONTRACT**

57. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 58 thereof.

58. On information and belief, some of the contracts entered into by Defendants set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

59. Those prevailing rates of wages and supplemental benefits were made part of the contracts for the benefit of Plaintiffs.

60. Defendants breached the contracts by failing to pay or ensure that Plaintiffs received the prevailing rates of wages and supplemental benefits for all labor performed.

61. By reason of Defendants' breach of the contracts, Plaintiffs have been damaged in an amount to be determined at trial, plus interest, fees and costs.

**WHEREFORE**, Plaintiffs demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(3) on their third cause of action, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) on their fourth cause of action, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
September 12, 2011

VIRGINIA & AMBINDER, LLP

By:______________________
Lloyd Ambinder, Esq.
Leonor H. Coyle, Esq.
*Attorneys for Plaintiffs*
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082